**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven E. Pauley, secured party creditor,<br><br>Plaintiff,<br><br>v.<br><br>Federal National Mortgage Association, its successors and/or assigns; and Company Does (unknown),<br><br>Defendants. | No. CV-12-01653-PHX-GMS<br><br>**ORDER** |

Before the Court are Plaintiff Steven Pauley's Motion to Abstain and Remand to State Court (Doc. 13), Defendant Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss (Doc. 10), and Fannie Mae's Motion for Ruling (Doc. 19). Pauley's Motion is denied and Fannie Mae's motions are granted.

Pauley filed a Motion to Abstain and Remand to State Court on October 15, 2012, over two months after the case was removed. At that point, the only basis available for remand under 28 U.S.C. § 1447(c) was lack of subject matter jurisdiction.[1] Pauley's Motion contains no challenge to this court's diversity jurisdiction to hear this case. The Motion to Remand is therefore denied.

Pauley also asks this Court to abstain from hearing the case, citing the grounds developed in *Burford v. Sun Oil Co.*, *Younger v. Harris*, and *D.C. Court of Appeals v.*

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

*Feldman*. An examination of the claims raised in the Complaint reveals that none of those doctrines apply. Pauley brings a case that attempts to undo a foreclosure sale, and asserts claims that have been decided numerous times by federal courts. *Buford* abstention applies only when outcome of federal case will prejudice public interest or state sovereignty, and Pauley does not establish such a threat. *See Buford*, 319. U.S. 315, 317-18 (1943). Moreover, neither *Younger* nor *Rooker-Feldman* abstention applies because both doctrines require the existence of a state court case, and Pauley has not produced evidence of such a case. *See Younger*, 401 U.S. 37, 43-55 (1971) (no interference in on-going state court proceedings); *Feldman*, 460 U.S. 462, 476-88 (1983) (no review of state court judgments). He points only to the non-judicial foreclosure that has already occurred, but such a proceeding is by its nature non-judicial and insufficient to require abstention. In any event, that proceeding is complete. (Doc. 16-1, Ex. A.) The Motion to Abstain is denied.

On September 10, 2012, Fannie Mae filed a Motion to Dismiss the case on numerous grounds, including for lack of service and failure to state a claim. The Court ordered Pauley to file a Response by October 31, 2012, and warned that failure to do so could result in dismissal. (Doc. 14.) Pauley did not file a Response, and Fannie Mae moved for a ruling on December 19, 2012. Local Rule 7.2(i) provides that "if . . . [a party] does not serve and file the required answering memoranda . . . , such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Pauley's failure to respond may be deemed consent to the granting of Fannie Mae's Motion. The Court must construe pleadings filed by unrepresented parties generously, but "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)). Nevertheless, the Court reviewed the Complaint and Fannie Mae's Motion and determines that Pauley has failed to allege facts sufficient to support any of the claims that he raises. All of his claims are founded on the "show me the note" theory that has been rejected in this District for some time. In addition, Pauley's

failure to comply with the Order of this Court to respond to Fannie Mae's Motion justifies dismissal of this case. *See* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Fannie Mae's Motion to Dismiss (Doc. 10) is **GRANTED**.

2. Plaintiff Pauley's Motion to Abstain and Remand to State Court (Doc. 13) is **DENIED.**

3. Defendant Fannie Mae's Motion for Ruling (Doc. 19) is **GRANTED**. Plaintiff's case is dismissed and the Clerk of Court is directed to terminate this action. Plaintiff shall take nothing.

Dated this 9th day of January, 2013.

G. Murray Snow
United States District Judge